IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

LISABETH LEE COGBURN                                                                                  PLAINTIFF

vs.                                              Civil No. 6:23-cv-06007

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                               DEFENDANT

## MEMORANDUM OPINION

Lisabeth Lee Cogburn ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") under Titles II of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff filed her disability application on April 1, 2015.  (Tr. 180-183).[1]  In her application, Plaintiff alleges being disabled due to spinal degeneration and stenosis in her neck and back, bulging or herniated discs in her back, muscle spasms in her shoulder and left foot, kidney failure, neck stiffness, chronic pain, low blood pressure, metabolic disease, shortness of breath, shock, blood

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___."  The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 8.  These references are to the page number of the transcript itself not the ECF page number.

infection, urinary tract infection, deficient airway, and depression. (Tr. 195). Plaintiff alleged an onset date of December 25, 2013. (Tr. 180). Plaintiff's application was denied initially and again upon reconsideration. (Tr. 116-118).

Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (Tr. 126-127). This hearing was held on August 8, 2016. (Tr. 34-69). At this hearing, Plaintiff was present, and represented by Shannon Muse Carroll. *Id.* Plaintiff and Vocational Expert ("VE"), Kathy Mundy testified at the hearing. *Id.*

Following the administrative hearing, on January 27, 2017, the ALJ entered an unfavorable decision. (Tr. 20-29). On February 7, 2019, this Court remanded the case for the ALJ to reevaluate the medical opinions and further develop the record concerning Plaintiff's mental limitations, including obtaining interrogatory responses from a medical professional or obtaining a consultative examination. (Tr. 1011-1018). Following this, on March 31, 2021, the ALJ issued another unfavorable decision. (Tr. 1032-1043). On July 9, 2021, the Appeals Council remanded the case for the ALJ to fully comply with the Court's order by reevaluating the opinion of the consultative psychiatric examiner and obtaining interrogatory responses from a medical professional. (Tr. 1051-1055).

On April 13, 2022, the ALJ issued another unfavorable decision. (Tr. 868-882). In this decision, the ALJ determined Plaintiff last met the insured status of the Act on December 31, 2016. (Tr. 871, Finding 1). The ALJ also found Plaintiff had not engaged in substantial gainful activity ("SGA") from December 25, 2013, through December 31, 2016. (Tr. 871, Finding 2).

The ALJ determined Plaintiff had the severe impairments of degenerative disc disease of the lumbar spine and cervical spine, obesity, and depression. (Tr. 871, Finding 3). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of

2

the Listings of Impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings").  (Tr. 871, Finding 4).

The ALJ considered Plaintiff's subjective complaints and determined her RFC.  (Tr. 873-880).  The ALJ evaluated Plaintiff's subjective complaints and found the claimed limitations were not entirely consistent with the medical evidence and other evidence in the record.  *Id.*  The ALJ also determined Plaintiff retained the RFC to perform sedentary work except could not climb ladders, ropes, or scaffolds; could occasionally stoop, kneel, crouch, crawl and climb ramps and stairs; could occasionally reach overhead; and was limited to simple, routine, repetitive tasks and simple, direct, concrete supervision.  *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 880, Finding 6).  The ALJ determined Plaintiff was unable to perform any PRW.  *Id.*  However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform.  (Tr. 881, Finding 10).  With the help of the VE, the ALJ found Plaintiff could perform the representative occupations of (1) addresser with approximately 2,100 jobs in the nation, (2) tube clerk with approximately 2,110 jobs in the nation, and (3) escort vehicle driver with approximately 34,000 jobs in the nation.  *Id*.  Based upon this finding, the ALJ determined Plaintiff had not been disabled from December 25, 2013, through December 31, 2016.  (Tr. 882, Finding 11).

On January 11, 2023, Plaintiff filed the present appeal.  ECF No. 1.  Both Parties have filed appeal briefs.  ECF Nos. 12, 14.  This case is now ready for decision.

2.  **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or

her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.  **Discussion:**

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence in the record. ECF No. 12. In making this claim, Plaintiff raises the following arguments for reversal: (A) the ALJ failed to comply with the Remand Order, (B) the ALJ erred in failing to find Plaintiff met a Listing, (C) the ALJ erred in evaluating Plaintiff's subjective complaints, and (D) the ALJ erred in the evaluation of medical opinions. *Id.* In response, Defendant argues the ALJ did not err in any of his findings. ECF No. 14.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **10th day of August 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE